(No. 4401-)

Mary Mitchell, Claimant, vs. State of Illinois, Respondent.

*Opinion filed September 7, 1951.*

Eva L. Minor, Attorney for Claimant.

Ivan A. Elliott, Attorney General; Charles H. Evans, Assistant Attorney General, for Respondent.

Schuman, C. J.

Claimant, Mary Mitchell, was employed as an attendant at the Kankakee State Hospital on August 9, 1950. She was married, but had no dependent children. Her earnings in the year preceding the injury were $2,309.78.

On August 9, 1950, claimant was injured in an altercation with a patient. No jurisdictional questions are raised. Claimant sustained a contusion above the left eye, a hemorrhage of the eyeball, an open laceration of about 1½'' over the left eye, and numerous bruises about the face with considerable swelling.

Dr. G. W. I. Bard testified for claimant that she would have a permanent scar on her forehead over the left eye, but that it would not have any influence on the eye or face. Other medical testimony tended to minimize the resultant scar. Claimant was examined at the hearing.

Testimony showed claimant expended the sum of $68.00 for medical expenses in the treatment of her injuries.

Claimant seeks payment for temporary total disability, complete and permanent disability, and for disfigurement. There is no evidence in the record to

substantiate the claim for any temporary total disability, or for permanent disability. However, there is some evidence of disfigurement.

Frances Regnier has submitted a bill in the amount of $18.00 for stenographic services, which the Court finds to be reasonable.

On the basis of this record we make the following awards:

The sum of $68.00 to Mary Mitchell for reimbursement of medical expenses necessarily expended by her in the treatment of her injuries, which is payable forthwith.

The sum of $135.00 for disfigurement of the face, payable at the rate of $22.50 for 6 weeks, all of which has accrued, and is payable forthwith.

An award of $18.00 payable to Frances Regnier for stenographic services.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".